May it please the Court, Humayun Barzandi on behalf of Petitioner Luisa Rojas-Lopez. At this time, I'd like to take two minutes for rebuttal. Your Honors, there's two errors in this case. One, the legitimacy of the ineffective assent of counsel is on the face of the administrative records, and a presumption of prejudice should be taken by this Court. Or, in the alternative, the ineffective was so inadequate that it may have affected the outcome of the proceedings. And second, under the rulings of Fernandez and Garcia by this Court, previously unavailable, non-cumulative evidence was presented to the Board, to which they ignored and they denied the motion to reopen. The standard of review for ineffectiveness is de novo. I ask this Court to kindly look at the Maravilla-Maravilla decision. The Court stated to the BIA in reversing that case, where you should have begun is ask the question, would competent counsel have acted otherwise? That's the question the BIA did not ask. That is the question I ask the Court to ask. Would competent counsel have filed – I'm sorry, signed a retainer agreement, signed by both parties, saying that I will represent you before the Board of Immigration Appeals and fail to perform? Would competent counsel have filed the notice of appeal deceptively indicating that it's pro se when it really wasn't? Putting the address of the petitioner, but really that address was the attorney's own address. In the facts, in the best light to Ms. Bjornback, she didn't file that brief. Abandonment. Would competent counsel have abandoned their client? That's the question I ask the Court to ask. Roberts. Let me ask you a question. I'm trying to look this up, and I'm not sure I've got the definitive answer. Is it permissible for a client to go to a lawyer and work out a deal where the lawyer says, I will, you could pay me some money, not as much as you ordinarily would, but a reduced fee, and in exchange I'll draft papers for you but won't appear? Is that permissible? Your Honor, I've looked at that as well. I'm not sure the answer is clear. I think the usual reliance in contractual law is look at the four corners of the contract, and the four corners of the contract did not say that. The four corners of that contract, the first paragraph says, I, Kang Bjornback, E.S.Q., shall represent you before the Board of Immigration Appeals. So she has breached that contract. She has breached her duty to her client. And she only after the ineffective assistance of counsel claim was filed against her did she then shed light that she was the one behind the notice of appeal. And she claims that I was suspicious about this client. That's a very curious claim because she represented her from April 11, 2003, all the way to March 27, 2006. On the same day the case was denied, they went back to her office. They signed the agreement. She filed the notice of appeal on that same particular day. And she yet claims that she was suspicious. The important thing here is to see what she did after the brief was filed. She sent a letter to the petitioner saying, I want another thousand dollars. Would competent counsel act in that manner? And that in October, when the BIA denied the case, what did she do? She says, come on into the office for me to file a petition for review, a petition for review which is frivolous. There's no jurisdiction over the hardship issue. Roberts. That sounds pretty egregious. Was there a complaint filed with the State Bar? There was a claim filed with the State Bar. I believe that's in the record filed by Mr. Farzad, the attorney at the BIA level. From the perspective of the petitioner, we would ask that these actions, as you say are so egregious that a presumption of prejudice should be found. Even if we take the Respondent's position in this case, where essentially there are complaints. What's the standard absent going to the point of a presumption? I mean, isn't it whether there is a plausible avenue of relief? It is plausible grounds of relief.  Yes, Your Honor. The grounds of relief, I think if I may point the Court out to the Robles-Garcia v. Ashcroft case where the Court found that there was ineffectiveness and there was prejudice, but the Court denied that case because there was some disqualifying act in that particular case. There is no disqualifying act here. She has the records of 10 years. She has the good moral character. She is not disbarred under 212A2 or 237. She was given a voluntary departure, right? I believe so, yes, Your Honor. The case in which the brief was not filed or was dismissed, the BIA said we agree with the immigration judge that this is a close case. So it was a close case and that's without the brief, right? That is correct, Your Honor. And that is the position of the Petitioner. Had there been competent counsel, had there been something filed to represent her, even the notice of appeal, which the government regretfully calls detailed, was so general, it brings the Rojas-Carcias. You would assume that a brief serves a purpose. I beg your pardon? I said you would assume a brief serves a purpose. I don't understand the question. It's a close case. It might have helped. It might have helped. That's the position of Mrs. Rojas. The BIA in footnote 2 of their initial decision say we discard this brief completely. And if it was a close case, it may have tipped the favor of the decision in Ms. Rojas' favor. The other thing is that the ---- Is there a way on a motion to reopen with an effective assistance of counsel? If there's a dispute in fact, of facts, is there a way for the BIA to arrange for a hearing to resolve the disputed facts? Your Honor, my understanding of the Boards of Immigration Appeals of Jurisdiction is that they are not to adhere to facts, but or to take in facts, that is, for the trial court to remand it back to the judge for development of the factual record. Your Honor, at this time, I see ---- You did want to discuss the other issue, which is equally important. I do. I do believe that that, in comparison with the first issue, there's perhaps a little bit less time. The position of Mrs. Rojas-Lopez is that the court's decision in Fernandez and Judge Reinhardt, your decision in Garcia, does essentially preclude their brief, and the evidence presented was certainly non-cumulative. And also the Calderon-Hernandez case that was just decided last week by the BIA, very similar facts. The BIA decided to remand back to the judge when one of the parents has become a lawful permanent resident and is not permitting the exit of one of the children. So at this time, with the Court's permission, I'll set aside and reserve what I have left for rebuttal. Thank you, counsel. Thank you, Your Honor. Good morning, Your Honors. May it please the Court. Michael Hias on behalf of the Respondent, the Attorney General of the United States. The Court should deny the Petitioner for review here for two reasons and dismiss it for another. First, the Board properly denied the motion to reopen here because the Petitioner failed to establish that her prior counsel rendered ineffective assistance, and even if she did so establish ineffective assistance, that she suffered any resulting prejudice. Well, why do you say she didn't suffer prejudice if the Board says it's a closed case and she didn't have the benefit of a brief, which is where you usually make your argument? That's correct, Your Honor. And as Your Honors were discussing, a brief could certainly help. But in this case, the Board thoroughly considered all of the facts that were available to it. Well, that's nice. But if you want to have a lawyer present your case, and if the lawyer didn't present his case to us, we could say, oh, we don't really need a lawyer because, you know, we know all about this case. That's not much respect for the adversary system. Well, that, Your Honor, assumes that the parties involved here actually set that process properly in place. There was a question, yes, there is. But your answer was initially, well, the Board knows all about it. No. Again, this is a case-by-case situation. And what we have here is a lawyer to present his case, and the lawyer doesn't do it? Well, that's what my point, Your Honor, is that it's unclear whether or not the Petitioner here fully retained his going back to representing. Well, how can you say that? There's a retainer agreement, and then you have this declaration from the attorney that's really rather incompetent on its face with all the misspellings and the inability to say anything, obviously trying to, you know, be very self-serving and defend herself from a malpractice situation. I don't know if we've really gotten to the bottom of it, but doesn't it seem rather illogical that someone would file a brief in their own case that didn't even relate to them? Well, that's, again, this is a confusing set of facts. And I agree that the declaration from Attorney Gornbeck is not the best I've ever seen. But what my colleague here is suggesting earlier is that it's a contract. There's an agreement, a retainer, between the parties to do a certain thing, and that Attorney Gornbeck breached her side of the agreement. Well, apparently, based on what Attorney Gornbeck's saying, whether or not it's true or not, we don't know, is that her client failed to fulfill her end of the contract, which is hanging. If you don't know whether it's true or not, then what do you assume? It is or it isn't? Well, that's – she bears the burden before the Board. All right. How does she prove that – she said she hired somebody to file a brief. That's what she claims. And you don't know whether anything's true. Do you have any way of finding out whether anything's true? Well, that would be, as Your Honor was asking earlier, what is the opportunity for fact-finding if the Board was at all confused about that or felt that there was a close call on that side of the case, that it could remand to the immigration judge for fact-finding. But as – Don't you really find it difficult to defend the Board's position in this case on this  I don't, Your Honor. Well, tell us why. Ms. Rojas-Lopez bore the burden of proving why her case should be reopened. She bore the burden of providing sufficient facts for the Board to say, absolutely, yes, this case needs to be reopened. You have a prima facie grounds for relief on her part. You're lying. You suffered ineffective assistance, and that prejudiced your case. You deserve a second chance. And she failed to do that. Let me make sure I understand your point. Your point is that we don't know who filed this brief. Is that right? That's correct, Your Honor. She signed it. Okay. We don't know who filed it. Correct. We do know that after it was filed, the lawyer entered an appearance and became lawyer of record. Yes. The brief was filed in February. I believe she entered her appearance in May or April. So now the lawyer is in the case. That we know for a fact. And we know for a fact the lawyer who's in the case didn't do anything to withdraw a completely irrelevant brief. How do we justify that? I've thought about that, Your Honor. And I think, again, it comes back to this curious triangle relationship between kind of misuse of authority. What possible explanation could there be for a lawyer who's in the case not to take out a brief that has nothing to do with the case once the lawyer is in the case? I agree. I agree. That's not ideal. Not ideal? It's inexplicable. It's bad. Well, whether or not it's malpractice is up to the State Bar of California. Not really. I think we could make that judgment ourselves. I mean, on its face, to file an irrelevant. I mean, we have sent, we have referred numerous attorneys who filed, you know, those factory-made briefs to proceedings. And this is an attorney who didn't get into the case, then, an attorney who signed a contract to represent her and took the money the day, very day, that the notice of appeal was filed that the attorney prepared, but didn't sign as the rules require. Well, as Justice – or, excuse me, Judge Silverman suggested, there could be some other arrangement here. We don't know. That's not your rule. Your rule is that the attorney who's representing somebody must sign the document. She's – you're the lawyer who says, well, I prepared this pro se for her. But the same day that he entered into a contract to represent her. That, Judge Wardlow, in Judge Wardlow's words, is inexplicable. Again, we have a very curious relationship here between these individuals. According to Attorney Bjornback, she had to repeatedly advise her client to not contact her. But the day she filed the notice of appeal, didn't sign it, said it was – she did it pro se for her client, whatever that means, and in violation of the board's rules and in violation of the contract. Well, I'm not sure if that's in violation of the board's rules, the contract's questions. But she must sign any document that's filed that you have prepared. Again, this is a situation where an attorney and a client are having a disagreement, and that's not something that necessarily rises to the level of a due process violation, which ultimately she must submit some level of prejudice to warrant. Well, she did. The level of prejudice is that she didn't get a brief filed, and the case – the board said it was a closed case. And unless you determine that briefs don't matter, which may be true before the board, but I hope it isn't true generally. No. No, sir. I don't think that's what the board – what we're talking about here. What we have here is not a statement that briefs are irrelevant or that a brief necessarily wouldn't have helped. But prejudice means, as Judge Wardlaw mentioned, it's whether or not the outcome would have been different, whether or not something – Well, who knows? When you have a closed case and you don't have a lawyer, unless you assume that lawyers are irrelevant – I don't – I don't reach that same conclusion, Your Honor. Well, this is a closed case. Maybe we ought to say we don't need to listen to you because it doesn't matter. That's certainly your option, Your Honor. I hope not for my sake, but – I hope not that that's the way that a reasonable judicial agency would behave. I think what we have to look at here is the decision of the board. Because based on the totality of everything that's here, we have a board decision that thoroughly considered the record before in the absence of a brief. It actually didn't. The problem is it didn't actually address all the new evidence. And – I'm sorry, Your Honor, to interrupt you. You're talking about the motion to reopen. Yeah. I'm talking about just the original – At the time. Well, okay. So now there's a motion to reopen, and there's this new evidence that's brought forth, and it doesn't even address some of it. Which evidence did the board not address? Well, it didn't address the son's worsening asthma, the father's cancer, and – let's see. Those are the two main ones. I agree. It didn't. I don't think you can find anything in the decision. I agree that they did not address the additional asthma evidence. I thought the board mentioned – All the receipts without custody are incorrect under California law, so I'm not sure that the board really even understood what it was doing Again, she bears the burden of proof. You're right that it mentioned – the board said she alleges that her father has cancer. She states that her father – and then it doesn't mention it again. It doesn't say we considered it, we don't care about it, we congratulate her. It doesn't say anything about it. But this Court has consistently acknowledged that the board isn't required to explicitly discuss each piece of evidence, let alone mention each piece of evidence, but just has to demonstrate that it considered the facts and didn't merely react. Well, okay. You have two choices. Asthma it didn't mention. Cancer – That I agree on. Okay. I agree. And – I have nothing to dispute that it didn't mention the son's asthma. But nonetheless, even if it had, the court would like jurisdiction to consider it because that's plainly cumulative of all the other asthma evidence in this case. Well, it's not enough to say that. I mean, we never look behind what the board says. We take its reasons and don't add to them. Right. And what we have are the board's reasoning that she failed to demonstrate that her case warranted reopening. And while, yes, these are unfortunate facts, they simply are not enough to demonstrate that she established a prima facie case for the underlying relief. If there are non-cumulative evidence – non-cumulative facts to be discussed here and under this Court's decision, Garcia, yes, the court would have jurisdiction to consider whether or not she established a prima facie case, but otherwise it would not have jurisdiction over the patently cumulative hardship evidence discussing all the hardships that might arise out of their being removed to Mexico. I see I'm running out of time. Your time is up. Thank you very much. Thank you, Your Honor. You have 54 seconds. Yes, Your Honor. Please, the Court. Very quickly, the psychiatric report talking about the pre-anorexia of the daughter was not – was not mentioned at all. One misstatement inadvertent was that it would have – it would have not changed the outcome of the case. That's not the standard. The Board made a mistake. It's not change. It's effect. This Court in my review on multiple cases has said the same thing. It may have effected – not change, effected. Finally, Your Honors, I stand here, my client behind me. That's how you proceed. You don't do some puppeteering show and hide behind a client in some pro se nonsense. You represent your clients before a court. You make your appearance. That is how you represent. Let me ask you, counsel, what is the precise relief that you're requesting? Your Honor, we're asking the court to remand the case to the BIA with an order that it remanded back to the IJ. We're asking the court to remand the case to the IJ with an order that it remanded back to the BIA with an order that it remanded back to the IJ for the ineffective assistance of counsel and for the additional non-cumulative evidence to have factual development on the cancellation of removal claim. Right. I understand the first part. You want us to remand to the BIA, to remand to the IJ to make a determination of ineffective assistance of counsel? No, Your Honor. I – the court has de novo jurisdiction on the ineffective. I ask the court to find ineffective assistance of counsel here and find prejudice and to remand it back on that basis. To reopen proceedings, right? To reopen proceedings before the IJ. To actually consider the irrelevance. Before the IJ, or don't you – if you win, aren't you then entitled to file a brief before the BIA that wasn't properly filed? Absolutely, Your Honor. Had there been only the first issue, I think the correct reasonable thing would be to reopen it for brief filing. But because of the non-cumulative evidence, I think it needs to go all the way back to the judge to develop the facts as it relates to the new situation with the LPR father and his forbidding his children to leave and also the anorexia and the other issues with the children. So on the second issue, you want us to grant the reopening or to remand to the BIA to determine whether it should be reopened? I ask the court to grant the reopening and rule that the BIA abuses discretion because the ruling was contrary to law. Thank you. Thank you very much, Your Honor. Case discretionary will be submitted. The next case for oral argument is United States v. Martinez-Flores.
judges: Reinhardt, Silverman, Wardlaw